Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| FERNANDO GASTELUM, <br><br> Plaintiff, <br><br> vs. <br><br> MIDTOWN HOTEL GROUP LLC <br><br> Defendant. | Case No: 2:17-cv-04542-BSB <br><br> **PLAINTIFF'S APPLICATION FOR FEES, COSTS AND EXPENSES** <br><br> Oral Argument Requested |

Pursuant to the terms of the Notice of Acceptance of Offer of Judgment, **Doc 20**, Plaintiff now files his application for Attorney's Fees, Costs and Expenses.

## I.
## INDEX

| Section | Title of Section | Page |
|---|---|---|
| I | Index | 1 |
| II | Introduction | 2 |
| III | Summary of Relief Requested | 5 |
| IV | Discussion | 5 |
| 1 | General Discussion | 5 |
| 2 | Attorneys' Fees: LRCivP 54.2 Discussion | 6 |
| 3 | LRCivP 54(d) – Supporting Documentation | 10 |
| 4 | Costs and Expenses: LRCivP 54.1(d) and 42 USC 12205 | 11 |

| # | **Exhibits** |
|---|---|
| 1 | Judge Talamante Order |
| 2 | AG Motion to Intervene |

| 3 | Hernandez v. El Grullense (N.D. Cal., 2014) $645hr accepted as reasonable |
|---|---|
| 4 | John Doran Fees $575/hr. |
| 5 | Declaration of Peter Strojnik with Addenda |
| 6 | Statement of Consultation |

## II.
## INTRODUCTION

As the Court is aware from relentless media coverage and the hostile attitude by the Arizona Legislature and the Executive Branch, ADA civil rights Plaintiffs must be careful not to offend their discriminatory sensibilities. While the rest of the country has progressed in the advancement of equality for all, including the disabled, Arizona's disabled have been subjected to a mindless stampede of discrimination.

It is perhaps for this reason that of the numerous places of lodging Mr. Gastelum attempted to stay during the past year, *not even one was ADA compliant.* Arizona's lodging industry's non-compliance with ADAAG is pervasive and industrywide.

Arizona stands a lone holdout to the discriminatory practices of the past. As the 9th Circuit noted in *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir.2007),

> Most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled…For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.

Yet in the Enlighted Society the champions for the disabled, or "testers" are constantly met with hostility. As he Court lamented in *Gilkerson v. Chasewood Bank*, 1 F.Supp.3d 570, 596-97 (S.D. Tex., 2014):

> Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of 1964, although a number of courts addressing Title III cases have been skeptical, and even hostile. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the DA,* 59 Case W. Res. L.Rev. at 689–702. "As a result of both the Attorney General's limited resources and the limited remedies available to Title III plaintiffs, 'most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.' " *Betancourt v. Federated Dept. Stores,* 732 F.Supp.2d 693, 701

(W.D.Tex.2010) *Betancourt,* 732 F.Supp.2d at 701, *quoting Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir.2007).

The Arizona Legislative and Executive Branches along with the media have been particularly hostile to ADA Plaintiffs. Arizona legislature recently eviscerated the Arizona version of the ADA by requiring notice prior to filing suit with the resultant effect that AzDA has been completely neutered. The Arizona Attorney General Mr. Brnovich intervened in more than 1,500.00 cases seeking not only a dismissal of legitimate claims but sanctions against the undersigned *pro bono* counsel. All of Brnovich's sanctions motions have been dismissed with prejudice because the State Court recognized that a continuing persecution of civil rights *pro bono* counsel would not "advance the cause of justice". Exhibit 1.

Not having found a receptive ear in the State Court, Mr. Brnovich recently filed a Motion to Intervene in one of Judge Wake cases, *Advocates for Individuals with Disabilities v. MidFirst Bank*, 2:16-cv-01969-NVW, Exhibit 2, in which he seeks to designate the undersigned pro bono counsel for Plaintiff a "vexatious litigant".

Because of these regressive governmental policies and discriminatory social stigma, Plaintiff and counsel have undertaken extraordinary due diligence before filing even one lawsuit based on 28 CFR §36.302(e) and the ADAAG. Plaintiff and counsel concluded that every case must be trial ready even prior to filing suit. Thus, for example, Plaintiff and Counsel personally conduct factual and legal due diligence, collect signatures and Declarations, hire an ADA compliance reviewer who reviews every place of lodging subject to litigation and documents the findings with contemporaneous photographs[1]. Third party, first party and in-house booking agent's information is collected and documented. Plaintiff hires a cyberspace vendor who, through a complex but time and money saving effort, logistically compiles the photographs in an ADA

---

[1] Counsel personally trained Eric Gastelum, Plaintiff's son, to conduct this part of pre-filing due diligence and pays him $200 per investigation. Included in this fee is the preparation of a website and non-compliance report which is submitted to counsel.

1  Report[2]. Counsel then gathers all due diligence investigations and reports and prepares
2  the MIDP Initial Disclosure which is served on a defendant along with the service of the
3  Summons and the Verified Complaint.

4    Plaintiff lives in Casa Grande and travels to Phoenix for sporting and other events,
5  including regularly scheduled meetings with counsel. In order to accommodate his
6  disability, he seeks a place of lodging that accommodates his disability according to the
7  ADAAG. He reviews the websites for compliance with 28 CFR § 36.302(e).  He calls
8  the hotel's in house booking agent.  He inquires whether the hotel is ADA compliant. He
9  visits the hotel to determine whether accessible routes are barrier free. He prepares
10 reports and submits them to counsel. Plaintiff either books a room or visits the hotel to
11 determine whether the professed compliance is true.

12   In this case, Defendant reviewed the booking websites. The booking websites
13 were non-compliant. *See* Doc 1 at ¶¶ 26-32. Plaintiff then spoke with hotel's in-house
14 reservations clerk, Jaime. Id.at ¶ 34.  The booking clerk told him that the was not sure if
15 the hotel was ADA compliant. *See id.* at ¶¶ 33-35. Plaintiff then visited the hotel to
16 determine the veracity of booking clerk's assurance of ADA compliance. Plaintiff found
17 innumerable instances of non-compliance. *See id.* at ¶ 37. These and other relevant
18 documents were gathered, counsel prepared MIDP initial disclosures, and served the
19 disclosures along with the Summons and the Verified Complaint. *See* Doc 9.
20 ///
21 ///
22 ///
23 ///

---

[2] Counsel is not clear how the cyberspace vendor accomplishes the task of transmitting the photographs from Eric Gastelum's phone into a Report which ends up in the case Due Diligence folder; but it does.  Cyberspace vendor also investigates ownership and control elements of litigation and, again, the findings end up in the Due Diligence folder. Cyberspace vendor further files corporate information regarding the Defendant in the same folder.

## III.
## SUMMARY OF RELIEF REQUESTED

Plaintiff seeks a recovery of:

1. Attorneys' fees in the amount of $10,432.50 (not including post 2018-03-03 fees yet to be incurred, *see Gametech Intern., Inc. v. Trend Gaming Systems, LLC*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005) (allowing fees in connection with fee application) in connection with this Application)); and

2. ADA costs and *expenses* in the amount of $2,882.00 pursuant to LRCivP 54.1(d) and 42 USC 12205 which includes the amount of $1,362.40 for common Pre-Filing Due Diligence; and

3. The amount of $1,362.40 amount falls either under the attorney's Fees category or the expense category.

## IV.
## DISCUSSION

**1.    General Discussion**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" figure presumptively provides an accurate measure of reasonable fees. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional circumstances, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley*, 461 U.S. 424) (internal quotation marks omitted).

To get to the lodestar figure, a plaintiff must submit "satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). The relevant community is that in which the district

5

court sits. *Schwartz v. Secretary of Health and Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Here, Plaintiff's counsel seeks an hourly rate of $650.00 per hour based on his skill, experience and qualifications. Plaintiff's counsel has been an attorney for thirty-seven (37) years and has prosecuted more than one thousand five hundred Title III ADA cases. Counsel's fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, to wit, (1) Paul Rein charges $645/hr, Exhibit 3 and (2) the law firm of Sherman Howard (John Doran), a lawyer with much lesser experience and length of practice charges $575.00 per hour for ADA defense work, Exhibit 4.  Additionally, the number of hours billed is far from excessive. Since Plaintiff's counsel has filed numerous Title III lawsuits, the drafting of the complaint and pre-filing research is streamlined. The important part and time-logging part of the hours billed is the pre-filing due diligence, which saw Plaintiff's counsel in fact verify the barrier that Plaintiff personally encountered. For reasons stated in this Motion, the amount of **$13,195.00** is reasonable and compliant with ER 1.5(a) factors 1-8 all of which support the reasonableness of this amount[3].

**2.     Attorneys' Fees: LRCivP 54.2 Discussion**

**(1)     Eligibility**.  The ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. Here, the Offer of Judgment specifically provides that "This offer is exclusive of reasonable attorney's fees, costs and expenses to which Plaintiff may be entitled, but which Defendant reserves the firth to contest and challenge". *See* Doc 20-1 at 2:13-16.

---

[3] (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;  (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services and (8) the degree of risk assumed by the lawyer.

6

1     **(2) Entitlement**.  A prevailing plaintiff under a statute "should recover an
2 attorney's fee unless special circumstances would render such an award unjust." *Hensley
3 v. Eckerhart*, 461 U.S. 424, 429 (1976). Fees incurred in the preparation of this Motion
4 are recoverable. *Gametech Intern., Inc. v. Trend Gaming Systems, LLC*, 380 F. Supp. 2d
5 1084, 1101 (D. Ariz. 2005).

6     (**3**) **Reasonableness of Requested Award**.

7     **(A) The time and labor required of counsel:**  Counsel keeps a detailed,
8 contemporaneously documenting the time and labor required by counsel reflecting each
9 individual task, the time necessary to accomplish the task in accordance with LRCivP
10 54.2(e) which is appended hereto as Addendum B to Exhibit 5.

11     **(B) The novelty and difficulty of the questions presented**: The issues
12 relating to 28 CFR 36.302(e) relating to places of lodging and, particularly, the questions
13 relating to State Law Claim of Negligence is novel in this District and required extensive
14 common pre-litigation due diligence. Counsel was hired by Plaintiff to conduct a
15 thorough pre-filing investigations before filing the first ADA enforcement action based
16 on 28 CFR §36.302(e) action *see Gastelum v. MCPHX17LLC,* 2:17-cv-02536-DGC. This
17 engagement resulted in Counsel devoting 104.80 hours of common pre-filing due
18 diligence. This work resulted in the preparation of a proprietary guide book for use by
19 Plaintiff, Plaintiff's investigators, third party vendors and Counsel.  The intent of this
20 work was to prepare each case, including this case, to avoid any legal or factual
21 challenges to the anticipated enforcement actions and to minimize attorney time in the
22 preparation of the actions.[4] Both Plaintiff and Defendant have benefitted by this common
23 pre-filing due diligence by reducing the amount of time in the investigation, preparation
24 and filing of the pleadings, motions and discovery. Notably, the filing of Applications
25 for fees, costs and expenses did not constitute a part of this common pre-filing due
26 diligence. A portion of the pre-filing due diligence has been allocated to this case and
27 stands at $1,362.40.

28

---

[4] This time may also be treated as "expense".

7

1        **(C) The skill requisite to perform the legal service properly:** Considering
2 the difficulties presented in the Introduction above, any Arizona ADA enforcement
3 counsel must exhibit the highest degree of skill and expertise to perform the legal services
4 properly. The actions of the Attorney General, death threats, threatening
5 communications, baseless bar charges and assaults on clients require not only the highest
6 degree of skill but also the courage to take on ADA enforcement actions and he relentless
7 abuse that comes with it.

8        **(D) The preclusion of other employment by counsel because of the**
9 **acceptance of the action:** For the first 35 years of practice, counsel provided primarily
10 commercial litigation services. For the following 1½ years Counsel provided *pro bono*
11 ADA litigation services in State Court. Since July of 2017, Counsel devoted 95% of his
12 time to completion of *pro bono* State Court actions and to Federal Court ADA
13 enforcement actions focusing on lodging industry. As a result, he does not currently
14 accept any other engagement other than engagements by long time commercial clients to
15 whom he owes a duty of continued loyalty and friendship.

16        **(E) The customary fee charged in matters of the type involved:**   Counsel
17 charges at the rate of $650.00 per hours. This hourly rate is based on the range of fees
18 customarily charged in ADA Litigation, *see, e.g.*, fee charged by Paul Rein whose hourly
19 fee of $645 went unchallenged in the *Hermandez* litigation, *see* Exhibit 3 and the fee of
20 $575.00 per hour charged by John Doran of Sherman Howard, see Exhibit 4.

21        **(F) Whether the fee contracted between the attorney and the client is fixed**
22 **or contingent:** The fee in this matter is *pro bono* to Plaintiff, but not *pro bono* to
23 Defendant.

24        **(G) Any time limitations imposed by the client or the circumstances**:
25 Client, who travels to Phoenix from Casa Grande on a regular basis is anxious to enforce
26 his civil right to select any hotel at any time to spend a night here.

27        **(H) The amount of money, or the value of the rights, involved, and the results**
28 **obtained:** Plaintiff achieved primary gist of Plaintiff's Verified Complaint in full. To

qualify as a "prevailing party," a party must show both a "material alteration of the legal relationship of the parties" and a "judicial imprimatur on the change." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782*, 792-93 (1989)). "A litigant need not prevail on every issue, or even on the 'central issue' in the case, to be considered the prevailing party." *Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir. 1995).

"The material alteration in the legal relationship of the parties must be relief that the would—be prevailing party sought, for '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). This relief need not be in the form of a judgment on the merits or consent order, so long as it awards the plaintiff his or her desired relief. *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007).

Recent Ninth Circuit precedent details that "relief need not be of 'precisely the same character as the relief sought in the complaint' so long as it 'serves the goals of the claim' and 'require[s] defendants to do something they otherwise would not have been required to do.'" *Wood v. Burwell, 837 F.3d 969*, 975 (9th Cir. 2016) (quoting *Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist*., 574 F.3d 1054, 1059 (9th Cir. 2009)). Cf. *Carbonell v. I.N.S.*, 429 F.3d 894, 900 (9th Cir. 2005) (finding it irrelevant that the petitioner did not receive affirmative relief in his underlying action where he received much of the relief he sought).

**(I) The experience, reputation and ability of counsel:** Counsel has been attorney since 1980. He has litigated hundreds of cases both in Arizona Federal and State Courts, New York, New Jersey, Illinois, Canada and elsewhere. He is licensed in numerous jurisdictions, including the Colorado District Court, New Mexico District Court and the District of Illinois. Counsel's reputation as a champion of civil rights is excellent among those who support civil rights for all.

**(J) The "undesirability" of the case:** in the Arizona legal market, the enforcement of ADA legislation is highly undesirable because it subjects counsel to personal hostility to a real danger to his personal safety. Counsel felt the need to alert the Phoenix Police Department of the threats to his safety on two separate occasions.

**(K) The nature and length of the professional relationship between the attorney and the client:** The nature of professional relationship between counsel and Plaintiff is simple: Plaintiff is a committed individual and a "tester". The relationship commenced in July of 2017.

**(L) Awards in similar actions:** In *Hernandez v. El Grullense* (N.D. Cal., 2014) the Court accepted the $645 hourly fee as reasonable

**(M) Any other matters deemed appropriate under the circumstances:** None.

**3. LRCivP 54(d) – Supporting Documentation**

**(1) A Statement of Consultation.** A separate Statement of moving counsel is attached certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. The statement of consultation sets forth the date of the consultation, the names of the participating attorneys and the specific results. Exhibit 6.

**(2) Fee Agreement.** Representation Agreement is attached as Addendum A to Exhibit 5, Declaration of Counsel.

**(3) Task-Based Itemized Statement of Fees and Expenses.** A task-based itemized statement of time expended and expenses incurred and prepared in accordance with paragraph (e) of this Local Rule is attached as Addendum B to Exhibit 5 – Declaration of Counsel.

**(4) Affidavit.** The declaration of counsel setting forth items A – C is attached as Exhibit 5.

**4. Costs and Expenses: LRCivP 54.1(d) and 42 USC 12205**

42 USC § 12205 provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, *including litigation expenses*, and costs, and the United States shall be liable for the foregoing the same as a private individual. (Emphasis supplied)

Plaintiff's costs and expenses are eminently reasonable under the below chart:

| | |
|---|---:|
| EG Investigation and Photography | $200.00 |
| Third Party Generated Due Diligence Report regarding pre-litigation due diligence relating to ownership, statutory agent and due diligence report of photographic evidence. | $500.00 |
| Filing Fee | $400.00 |
| Service of Process Fee | $65.60 |
| FG Expenses | $350.00 |
| Common Pre-Filing Due Diligence Apportioned | $1,362.40 |
| **COSTS AND EXPENSES TOTAL** | **$2,828.00** |

If the Court declines to award common pre-filing due diligence attorney's fees in the sum of $1,362.40, Plaintiff requests this amount as "litigation expense" for the total of $2,882.00 as indicated in the Summary of Relief Requested.

RESPECTFULLY SUBMITTED this 3rd day of March 2018.

**STROJNIK, P.C.**

Peter Strojnik, 6464
Attorneys for Plaintiff

11